# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                       **No. 03-338**

**MELVIN LUTCHER, JR.**                          **SECTION: I/2**


## ORDER AND REASONS

Before the Court is the motion of defendant, Melvin Lutcher Jr. ("Lutcher"), to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the defendant's motion is **DENIED**.


### *BACKGROUND*

On October 30, 2003, Lutcher was charged by indictment with two felony counts.[1] First, he was charged with conspiracy to possess with intent to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 846. Second, he was charged under 21 U.S.C. § 843(b) with knowingly and intentionally using a communication facility in committing, causing, or facilitating the commission of a violation of 21 U.S.C. § 846.[2]

On October 14, 2004, a jury found Lutcher guilty of conspiracy to possess with intent to distribute cocaine base but not guilty of conspiracy to possess with intent to distribute cocaine

---

[1] R. Doc. No. 1.

[2] *Id.*

hydrochloride.[3]  The jury specifically found that the defendant conspired to possess more than 50

grams of cocaine base.[4]  The jury also found the defendant guilty of using a communication

facility (here, a telephone) to commit a violation of 21 U.S.C. § 846.[5]

On February 16, 2005, this Court sentenced the defendant to 151 months imprisonment

and 5 years of supervised release on the conspiracy count and 48 months imprisonment and one

year of supervised release on the count for using a communications facility to violate 21 U.S.C. §

846.[6]  The sentences run concurrently.[7]  Prior to sentencing, this Court enhanced the defendant's

base level for sentencing by two points for obstruction of justice.[8]

On February 18, 2005, the defendant filed a notice of appeal.[9]  On June 2, 2006 the Fifth

Circuit affirmed the defendant's conviction and sentence.[10]  The defendant filed a writ of

certiorari with the Supreme Court of the United States, which was denied on October 2, 2006.[11]

On July 6, 2007, the defendant filed this motion to vacate his sentence pursuant to 28

U.S.C. § 2255.   In his motion, the defendant claims that he was denied his right to effective

assistance of counsel at trial as guaranteed by the Sixth Amendment to the United States

---

[3]  R. Doc. No. 241 at 9.

[4]  *Id.*

[5]  *Id.* at 10.

[6]  R. Doc. No. 276, sentencing transcript at 11.

[7]  *Id.*

[8]  *Id.* at 6-11.

[9]  R. Doc. No. 258.

[10]  R. Doc. No. 312.

[11]  R. Doc. No. 317, 2255 motion at 3.

Constitution.[12]  Specifically, the defendant argues that he received ineffective assistance because: (1) trial counsel failed to object to the sufficiency of the indictment; (2) trial counsel failed to seek a suppression hearing to exclude the defendant's statement to the government; (3) trial counsel failed to object to the admission of the defendant's statement to the government at trial; (4) trial counsel failed to strike a juror; (5) trial counsel failed to object to the admission of testimony by government witnesses; (6) trial counsel failed to object to the admission into evidence of guns and drugs found on the property of the defendant's co-conspirators; (7) trial counsel failed to move for a mistrial based on the trial court's admission of guns and drugs found on the property of the defendant's co-conspirators; (8) appellate counsel failed to raise on direct appeal the issue of whether the district court improperly admitted evidence of guns and drugs found on the property of the defendant's co-conspirators; (9) appellate counsel failed to raise the issue of whether the government's cross-examination of Lutcher, Jr. was "highly prejudicial" evidence that should not have been admitted at trial; (10) trial counsel failed to object to jury instructions and interrogatories; (11) appellate counsel failed to raise on direct appeal the issue of whether the jury interrogatories were erroneous; (12) trial counsel failed to file a written objection based on insufficiency of the government's evidence after the jury delivered its verdict; (13) appellate counsel failed to raise sufficiency of the evidence on direct appeal; (14) trial counsel failed to object to the court's sentence enhancement for obstruction of justice; (15) appellate counsel failed to raise on direct appeal the issue of whether the district court improperly enhanced his sentence for obstruction of justice; (16) trial and appellate counsel failed to argue that the defendant was improperly sentenced under *Apprendi v. United States*; and

---

[12]  2255 motion; R. Doc. No. 335, 2255 reply.

3

(17) trial counsel failed to move for a sentence reduction after sentencing.


*LAW AND ANALYSIS*

## I.    OVERVIEW OF 28 U.S.C. § 2255

Section 2255 allows a prisoner in custody to attack his sentence on grounds that it was "imposed in violation of the Constitution or laws of the United States," or "that the court was without jurisdiction to impose such sentence," or "that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[13] "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (*quoting United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate 'cause' and 'actual prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). "This cause and actual prejudice standard presents 'a significantly higher hurdle' than the 'plain error' standard that we apply on direct appeal." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc) (*quoting United States v. Frady*, 456 U.S. 152, 166 (1982)).

To meet the cause requirement, the defendant must show that "'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances."

---

[13]  28 U.S.C. § 2255.

*United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (*quoting Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992)).  "Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense." *Id.* To satisfy the actual prejudice requirement, the defendant must "demonstrate[] that, but for the error, he might not have been convicted." *Id.* at 994.

Here, the defendant claims that he is entitled to relief under 28 U.S.C. § 2255 because the ineffective assistance of both trial counsel and appellate counsel deprived him of his rights under the Sixth Amendment.  Ineffective assistance of counsel claims satisfy the cause-and-prejudice standard, and are ordinarily first raised on collateral review, due to the difficulty of compiling an adequate record by the time of direct appeal.  *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992).  Furthermore, the Supreme Court has held that defendants may raise ineffective assistance of counsel for the first time on collateral review even if the defendant had possessed an adequate record by the time of direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504 (2004).  The *Massaro* Court explained that a trial transcript is unlikely to show the existence of conflicts of interest or whether or not trial counsel's actions were supported by reasonable strategy.  *Id*. at 505.  The Court concluded that the "better-reasoned approach is to permit ineffective-assistance claims to be brought in the first instance in a timely motion in the district court under § 2255."  *Id*. at 504.

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

A.    Standard of Law

The standard for judging the performance of counsel was established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  In *Strickland*, the Court established a two-part test for evaluating claims of ineffective assistance of counsel that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice.  *Id.* at 697.  In order to satisfy the first *Strickland* prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 687-88.  Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694; *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  A defendant must satisfy both prongs of the *Strickland* test in order to be successful on an ineffective assistance claim.  *Id.* at 697.

On federal habeas review, scrutiny of counsel's performance "must be highly deferential," and the court will 'indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance."  *Moore v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999).  In assessing counsel's peformance, a federal habeas court must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time [of trial]."  *Strickland*, 466 U.S. at 689.  "[A] court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular

act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (*citing Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test looks to any prejudice suffered as a result of counsel's deficient performance. This prong requires "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *United States v. Mullins*, 315 F.3d 449, 456 (5th Cir. 2002) (quoting *Strickland*, 466 U.S. at 695). The defendant must show that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* (internal quotation marks omitted) (*quoting Strickland*, 466 U.S. at 687).

B.  Discussion

I.  *Failure to Object to the Sufficiency of the Indictment*

The defendant argues that the indictment is insufficient because it does not allege the exact quantity of drugs that the defendant conspired to possess and distribute.[14] As a result, the defendant argues that trial counsel was ineffective for failing to object to the indictment before trial, during trial, and at sentencing.[15] Counsel is not ineffective for failing to make a meritless objection. *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007). A motion to dismiss the indictment as insufficient would have been meritless; therefore, the defendant's trial attorney was not ineffective for failing to move to dismiss the indictment.

_____

[14]  2255 motion at 5(a).

[15]  *Id.* at 5(c), 2255 reply at 11.

"An indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and ensures that there is no risk of multiple prosecutions for the same offense." *United States v. Sims Bros. Constr., Inc.*, 277 F.3d 734, 741 (5th Cir. 2001) (internal quotation marks omitted). "An indictment that tracks a statute's words is generally sufficient 'as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" *United States v. Arlen*, 947 F.2d 139, 145 (5th Cir. 1991) (*quoting United States v. London*, 550 F.2d 206, 210 (5th Cir. 1977)). "In other words, the language of the statute may guarantee sufficiency if all required elements are included in the statutory language." *Id.* at 145 (*quoting United States v. Gordon*, 780 F.2d 1165, 1171 (5th Cir. 1986)).

In count one of the indictment, the government charged the defendant with knowingly and intentionally conspiring with other persons to possess with intent to distribute 50 grams or more of cocaine base and quantities of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 21 U.S.C. § 846.[16] In count ten, the government charged the defendant under 21 U.S.C. § 843 with knowingly and intentionally using a communication facility (here, a telephone) in causing a violation of 21 U.S.C. § 846.[17]

In the indictment, the government not only cited the specific statutes under which it charged the defendant, but also used language that closely tracks the statutory language.[18] As a result, the indictment listed the elements of the offenses charged and gave the defendant fair

---

[16] See R. Doc. No. 1 at 1, 10.

[17] *Id.* at 6.

[18] *Id.* at 1, 6.

notice of the charges against him. While the indictment states that the defendant conspired to possess and distribute "50 grams or more" of cocaine base instead of stating a precise amount, this does not render the indictment insufficient. *See United States v. Hayes*, 2006 WL 1581196, at *9 (W.D. La. Jan. 24, 2006) (stating that the § 841(b)(1)(A) minimum threshold of 50 grams, rather than a specific amount, was the "element" that the jury was required to determine). As a result, the "50 grams or more" indictment language was sufficient to give the defendant fair notice of the charges against him.

The defendant further argues that the indictment was insufficient because it did not charge him with actual possession of illegal drugs.[19] The statutes under which the defendant was charged and convicted, however, do not require actual possession as an element of the offense. *See* 21 U.S.C. §§ 843, 846. Instead, 21 U.S.C. § 846 makes the mere attempt or conspiracy to possess and distribute drugs, rather than actual possession, a crime. The indictment is sufficient because it tracks the statutory language in charging the defendant with conspiring to possess illegal drugs.[20]

For the above reasons, a motion to dismiss the indictment would have been meritless. The defendant has, therefore, failed to show that trial counsel's failure to make such a motion was objectively unreasonable under the first *Strickland* prong.

---

[19] 2255 motion at 5(c), 2, 7.

[20] *See* R. Doc. No. 1 at 1.

ii.	*Failure to Object to and Seek a Suppression Hearing on the Defendant's*
	*Statement to the Government*

The defendant alleges that he received ineffective assistance because trial counsel failed to seek a hearing to suppress the inculpatory statement he made to the government after his arrest.[21]  He further alleges that he received ineffective assistance because trial counsel failed to object to the admission of the statement at trial.[22]  *Strickland* prejudice requires a defendant to show that there was a reasonable probability that trial counsel would have been successful in such a hearing or objection in order to prevail on a claim that the failure to seek the hearing or make the objection constitutes ineffective assistance, and that the result of the trial would have been different had the statement been excluded.  *See Strickland*, 466 U.S. at 694; *Perez v. Cockrell*, 77 F. App'x 201, 205 (5th Cir. 2003) (denying ineffective assistance claim for failure to seek a suppression hearing where the defendant did not show a reasonable probability that an argument for suppression would have been successful).

At trial, FBI special agent Oliver McGill ("McGill") testified that the defendant signed a waiver of rights form in which he waived his *Miranda* rights.[23]  McGill further testified that before the defendant signed the waiver, he read the form aloud to the defendant and then they read through the form together.[24]  The government introduced the signed waiver form at trial,

---

[21]  2255 motion at 5(d).

[22]  *Id.*

[23]  R. Doc. No. 273, trial transcript at 186-89.

[24]  *Id.*

and this Court admitted it into evidence.[25]

McGill's testimony demonstrates that the defendant voluntarily and intelligently waived his *Miranda* rights. In his motion, the defendant does not set forth any facts suggesting that his statement was not voluntary, knowing, and intelligent.[26] *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The defendant has, therefore, failed to show that his counsel's failure to file a motion to suppress his statement and failure to request that the statement be excluded at trial were objectively unreasonable. Moreover, since the defendant has not shown a reasonable probability that a suppression hearing or an objection would have changed the outcome of his case, he has failed to show prejudice under the second *Strickland* prong.

### iii. Failure to Strike a Juror

The defendant argues that trial counsel's failure to request removal of a juror was error that constitutes ineffective assistance.[27] During trial, the Court conducted a conference with Juror Number 8 to allay security concerns she had about the defendants' possible knowledge of her address.[28] Lutcher waived his right to be present during this conference with the juror.[29] Once her concerns were addressed by the Court, the juror expressed her ability to remain

---

[25] *Id.*

[26] *See* 2255 motion; 2255 reply.

[27] 2255 motion at 5(b).

[28] R. Doc. No. 274, trial transcript at 377-84.

[29] *Id.* at 378.

impartial in rendering a verdict.[30]  Trial counsel, who attended the conference and relayed its

substance to the defendant, decided not to move to excuse the juror.  Lutcher concurred on the

record in this decision of counsel.[31]

---

[30] The following colloquoy occurred in chambers:

> THE COURT: Does the concern that you have,
> securitywise, does that in any way affect you in deliberating in
> this case?
> MS. LESCHAK: No.
> THE COURT: If government does not sustain it's burden
> of proof can you find the defendants not guilty?
> MS. LESCHAK: Yes.
> THE COURT: Notwithstanding the fact that they may have
> seen your name?
> MS. LESCHAK: Right.
> THE COURT: Are you sure you can do that?
> MS. LESCHAK: I think I can do that.
> THE COURT: If the government sustained its burden of
> proof at the end of trial, and I have no opinion on that
> whatsoever, can you, in fact, find either of the defendants
> guilty, if they sustained their burden as to that defendant?
> MS. LESCHAK: Yes, I can. And my decision is going to
> be independent of any concern I have, whether my name was shown
> or not, but it's a concern.

*Id.* at 381.

[31] *Id.* at 384-85.  In his motion, Lutcher contends that "Counsels did not let defendants know what the juror
said about the drugs and the firearms, also, about the full context about the conference."  2255 motion at 18.  This
contention is undermined by the following colloquoy held outside of the jury's presence following the conference
with the juror:

> MR. FANNING: Judge, I just want to establish for the record that Mr. Bizal and
> I have conferred with our clients and related to them the substance of the juror's
> testimony during the conference that we had just now and that they concur with
> us that we should not move to excuse the juror based on the answers that she
> gave.
> THE COURT: Mr. Bizal?
> MR. BIZAL: That's correct, Your Honor.
> THE COURT: Is that correct, Mr. Lutcher, Jr.?
> MR. LUTCHER, JR.: Yes, sir.
> . . .
> THE COURT: Do you understand what your counsel just said?
> BOTH OF THE DEFENDANTS ANSWER IN AFFIRMATIVE
> THE COURT: That's what you want to do?
> BOTH OF THE DEFENDANTS ANSWER IN AFFIRMATIVE
> THE COURT: Do you understand that by agreeing to that position, you can't
> later complain that the juror wasn't removed, do you understand that?
> BOTH OF THE DEFENDANTS ANSWER IN AFFIRMATIVE
> THE COURT: You still do not want that juror to be removed, is that correct?

An attorney's decision as to whether to request removal of a juror is generally a matter of trial strategy. *See Ray v. Johnson*, 196 F.3d 1257, at *1 (5th Cir. 1999); *Romero v. Lynaugh*, 884 F.2d 871, 878 (5th Cir. 1989); *Wash v. Hood*, 2007 WL 3047149 (N.D. Miss. Oct. 17, 2007) (*citing Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995)). Since the decision to request removal of a juror is a matter of trial strategy, it is entitled to a strong presumption of reasonableness. *Moore v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999) (adopting a "strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance). In his motion, the defendant states that trial counsel did not request removal of a juror because he believed that the alternate juror who would take her place was an ex-policeman.[32] This statement effectively concedes that trial counsel's decision not to request removal was supported by a reasoned decision.[33] The defendant's claim that counsel's failure to request removal constitutes ineffective assistance fails the first *Strickland* prong because the decision to retain the juror was not objectively unreasonable.

iv.    *Failure to Object to Witness Testimony*

The defendant claims that trial counsel was ineffective for failing to object to the

---

Both of you?
BOTH OF THE DEFENDANTS ANSWER IN AFFIRMATIVE

R. Doc. No. 274, trial transcript at 384-85. During the above colloquoy, Lutcher clearly indicated that he understood the substance of the discussions during the juror conference and concurred in the decision not to attempt to remove her.

[32]  2255 motion at 5(b)-5(c).

[33]  *Id.*

testimony of FBI special agents McGill and Robert Christian ("Christian").[34]  Christian testified

that he found a rifle, ammunition, and drugs at the Arlington, Texas business of Andrese

Villalobos ("Villalobos"), who was apparently one of the main sources of drugs for the

conspiracy in question. [35]  McGill testified that crack cocaine and firearms were discovered at the

residence of Dwayne Kennedy ("Kennedy"), and that Kennedy was wielding a firearm when he

was arrested during the search of his residence.[36]  Kennedy was the subject of a separate

conspiracy indictment, along with Villalobos.[37]

The testimony regarding guns and drugs seized from Villalobos and Kennedy was

relevant testimony.  The district court admitted the physical drug evidence from Villalobos and

Kennedy, but excluded the physical firearm evidence seized from those individuals.[38]  The

admission of the tangible evidence was upheld on appeal.[39]  There is no reason to think that the

agents' testimony – the very basis for the admission of the tangible evidence – would have been

treated differently.  Any objection to the agents' testimony would have been overruled and,

therefore, trial counsel's performance cannot be deemed deficient for failing to object.  Lutcher's

allegation fails to meet the first *Strickland* prong.  For the same reason, the failure to object does

---

[34]  2255 motion at 5(c).

[35]  R. Doc. No. 273, trial transcript at 262-65.

[36]  *Id.* at 175-78.  McGill also testified that a handgun was seized from Sterling Lewis's residence.  *Id.* at 180-81.  This handgun was admitted into evidence without objection from the defendant.  R. Doc. No. 274, trial transcript at 467.  Lutcher does not contest the admission of this evidence or any failure to object to this evidence in his motion.  2255 motion at 12-13.  Indeed, the Fifth Circuit noted that the defense sought to rely on the handgun from Lewis's residence during its opening statement and closing argument.  R. Doc. No. 312 at 4.

[37]  *Id.* at 184.

[38]  R. Doc. No. 274, trial transcript at 465-68.

[39]  R. Doc. No. 312.

not satisfy *Strickland* prejudice because it would not have affected the outcome of the trial.

> *v.*     *Failure to Object to the Admission of Evidence*

The defendant argues that he was denied effective assistance because trial counsel failed to object to the physical evidence of drugs and guns seized on the property of Kennedy and Villalobos.[40]  The record shows that, pursuant to counsel's objection, the firearms seized from Kennedy's and Villalobos's properties were not admitted into evidence.[41]  The defendant argues that, even though the firearms were ultimately excluded as exhibits in evidence, they had already been displayed to the jury, causing him unfair prejudice.[42]  The Court specifically instructed the jury that only the admitted evidence could be considered and that any evidence stricken must be disregarded.[43]  Even if it could be argued that counsel's performance was deficient in failing to seek exclusion of the firearm evidence, there is no reason to believe the jury did not follow the cited instruction.  *See United States v. Patino-Prado*, 533 F.3d 304, 312 (5th Cir. 2008) ("We will presume that jurors understand and follow their instructions, abandoning that presumption only when there 'is an overwhelming probability that the jury will be unable to follow the instruction and there is a strong probability that the effect is devastating.'" (*quoting United States v. Barksdale-Contreras*, 972 F.2d 111, 116 (5th Cir. 1992))).  As a result, the defendant cannot show that the outcome of the trial would have been affected under the second *Strickland* prong.

---

[40]  2255 reply at 34.

[41]  R. Doc. No. 274, trial transcript at 466-68.  The Court notes that the Fifth Circuit found no error

[42]  2255 motion at 16-17.

[43]  R. Doc. No. 275, trial transcript at 625.

The record further reveals that trial counsel objected to the introduction into evidence of drugs and drug paraphernalia from their property, but those objections were overruled.[44]  Since the record shows that trial counsel did in fact object to the introduction of the drugs and guns into evidence, the defendant has failed to show that trial counsel's performance was objectively unreasonable under the first *Strickland* prong.

The defendant also alleges that appellate counsel was ineffective for failing to raise on direct appeal whether the trial court erred by admitting the drugs evidence and the Lewis handgun into evidence.[45]  "The entitlement to effective assistance does not end when the sentence is imposed, but extends to one's first appeal of right."  *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).  Appellate counsel's performance is evaluated under the same *Strickland* standard as is trial counsel's performance.  *Id.*  "To prevail, [the defendant] must establish, first, that his attorney's representation was deficient and, second, that the deficient performance caused him prejudice."  *Id.*  With respect to the deficient performance prong in the appellate context, the Fifth Circuit has stated that "[c]ounsel does not need to 'raise every nonfrivolous ground of appeal available.'  Nonetheless, a reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful."  *Id*. (*quoting Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998)).  With respect to the prejudice prong, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error[ ], the result of the proceeding would have been different."  *Id.* at 463 (*quoting Jones v. Jones*, 163 F.3d 285, 302 (5th Cir. 1998)) (alteration

---

[44]  R. Doc. No. 274, trial transcript at 465-69.

[45]  2255 reply at 34-35.

in original) (internal quotation marks omitted). "A reasonable probability is that which renders the proceeding unfair or unreliable, *i.e.*, undermines confidence in its outcome." *Id.*

Even if the trial court's admission of the evidence had been error, there was otherwise sufficient evidence from which reasonable jurors could have convicted the defendant. The appellate court would not have disturbed the jury's guilty verdict solely because the evidence of drugs was admitted. *See United States v. Espino-Rangel*, 500 F.3d 398, 400 (5th Cir. 2007). At trial, the prosecution introduced many recorded phone calls that implicated the defendant in a scheme to purchase cocaine base.[46] The prosecution also introduced the defendant's own statement in which he admitted to arranging a deal for the purchase of cocaine base.[47] The jury could well have convicted the defendant on the basis of this evidence, notwithstanding the tangible drug evidence that was admitted. There has, therefore, been no showing of actual prejudice to the defendant and, as a result, the second *Strickland* prong has not been satisfied.

   vi.    *Failure to Seek a Mistrial*

The defendant claims that trial counsel was ineffective for failing to move for a mistrial based on the admission of the drugs and guns found on his co-conspirators' property.[48] He argues that this evidence was prejudicial to him because it tended to establish his guilt by association.[49] The determination to grant or deny a motion for a mistrial lies within the trial judge's sole discretion. *See United States v. Honer*, 225 F.3d 549, 555 (5th Cir. 2000).

---

[46] R. Doc. No. 273, trial transcript at 203-10.

[47] *Id.* at 189.

[48] 2255 reply at 34.

[49] *Id.*

At trial, this Court ruled, over trial counsel's objection, that the drugs and drug paraphernalia found on the property of Kennedy, Villalobos, and Sterling Lewis and one weapon found on the property of Lewis should be admitted into evidence.[50]  In light of this prior evidentiary ruling, it is highly unlikely that the same Court would have later granted a mistrial – had it been urged by counsel – on the ground that the admission of this evidence violated the defendant's rights to due process and a fair trial.  In order to satisfy the second prong of *Strickland*, the defendant must show that there is a reasonable likelihood that a motion for mistrial would have been granted.  The defendant has not shown a reasonable probability that this Court, having found certain evidence to be admissible, would later declare a mistrial based on the admission of that same evidence.  This claim fails the second *Strickland* prong.

> ### vii.    *Failure to Appeal the Government's Cross-Examination of the Defendant*

The defendant alleges that he was denied effective assistance of counsel because appellate counsel did not raise on direct appeal whether the trial court erred in allowing the government's cross-examination of the defendant.[51]  The defendant claims that during this cross-examination, the government improperly questioned him about his father's prior conviction.[52]  The defendant argues that this cross-examination was highly prejudicial because it tended to

---

[50]  R. Doc. 274, trial transcript 464-68.  The record shows that exhibits 19 and 19b, the handgun and magazine from co-conspirator Sterling Lewis's apartment, were admitted into evidence.  *Id.* at 467.

[51]  2255 motion at 5(d), 24-25.  Although Lutcher's trial counsel did not object to the cross-examination on the subject of his father's prior conviction, the trial counsel of Lutcher's co-defendant did so object and was overruled.  R. Doc. No. 274, trial transcript at 501-02.  To the extent that Lutcher now contends that trial counsel was ineffective in failing to object to the cross-examination, his claim lacks merit.

[52]  2255 motion at 5(d).

establish his guilt by association with his father.[53]  He contends that appellate counsel was

ineffective for failing to assert that this cross-examination was improper.[54]

During trial, the government and counsel for Lutcher's father entered into a stipulation as

to the father's prior conviction for possession with intent to distribute cocaine hydrochloride.[55]

The Court issued a limiting instruction immediately following the stipulation, stating that "the

evidence of Melvin Lutcher, Sr.'s similar act may not be considered for any purpose against

Melvin Lutcher, Jr."[56]  The Court reiterated its limiting instruction during the instructions read to

the jury at the close of trial: "The evidence of Melvin Lutcher, Senior's similar act may not be

considered for any purposes against Melvin Lutcher, Junior."[57]  During it closing argument, the

government did not refer to its cross-examination of Lutcher on the subject of his father's prior

conviction.

The jury was properly instructed as to the purposes for which it could consider the

father's prior conviction.  *See United States v. Cihak*, 137 F.3d 252, 258 (5th Cir. 1998)

(affirming district court's admission of a codefendant's prior conviction when limiting

instruction was given forbidding the jury from considering the evidence against other

defendants).  This Court did not commit reversible error in allowing the testimony.  Any attempt

by appellate counsel to appeal this issue would not have been successful and, therefore, appellate

---

[53] *Id.*

[54] *Id.*

[55] R. Doc. No. 274, trial transcript at 469.

[56] *Id.* at 470.

[57] R. Doc. No. 275, trial transcript at 632.

19

counsel's performance was not deficient. *See Williamson*, 183 F.3d at 462 (stating that appellate counsel is not ineffective for failing to raise every nonfrivolous ground available). The first *Strickland* prong has not been satisfied.

Moreover, in the context of a trial court's ruling as to the admission of certain testimony, an appellate court will not reverse the trial court's ruling if the impermissible testimony was harmless. *See United States v. Espino-Rangel*, 500 F.3d 398, 400 (5th Cir. 2007). An appellate court will find that such an error was harmless if there is sufficient evidence, aside from any potentially impermissible testimony, from which the jury could find the defendant guilty. *Id.*

Here, even if allowing the cross-examination was error, the record shows that there was sufficient evidence apart from this testimony – including an admission by Lutcher to McGill – from which the jury could have convicted the defendant. There has, therefore, been no showing of actual prejudice to the defendant and, as a result, the second *Strickland* prong has not been satisfied.

### viii.    *Failure to Object to Jury Instructions and Interrogatories*

The defendant claims that trial counsel was ineffective for failing to object to the jury instructions and interrogatories.[58] Specifically, the defendant argues that trial counsel should have objected to the jury instructions because they did not require that the jury find that the defendant actually possessed more than 50 grams of cocaine base.[59]

As discussed above, the defendant was indicted and charged with conspiring to possess

---

[58] 2255 reply at 13-18.

[59] *Id.* at 15.

more than 50 grams of cocaine base, not actual possession of cocaine base. The jury was not required to find that the defendant actually possessed any amount of cocaine base in order to find him guilty of the offense with which he was charged. Since actual possession is not an element of the offense defined in 21 U.S.C. § 846, any objection that trial counsel could have made to the jury instructions on the ground that they did not require the jury to find actual possession by a reasonable doubt would have been meritless. Counsel is not ineffective for failing to make a meritless objection. *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007). As a result, the defendant has not shown that trial counsel's performance was objectively unreasonable under the first *Strickland* prong.

The defendant also claims that trial counsel was ineffective for failing to object to the jury interrogatories.[60] The defendant does not specify what was improper or prejudicial about the jury interrogatories. The jury interrogatories track the statutory language under which the defendant was indicted as well as the language used in the indictment.[61] Since the defendant has failed to show how the jury interrogatories were so unlawful and prejudicial that his trial counsel rendered an objectively unreasonable performance by failing to object to them, his claim fails the first *Strickland* prong.

The defendant also alleges that appellate counsel was ineffective for failing to raise on direct appeal whether the trial court issued erroneous jury interrogatories.[62] Since the defendant does not identify specific errors in the jury interrogatories, he has failed to show a

---

[60] *Id.* at 16.

[61] *See* R. Doc. No. 241 at 8-10.

[62] 2255 reply at 29.

reasonable probability that such a claim would have been successful on appeal.[63] As a result, the defendant has failed to satisfy the second *Strickland* prong.

ix.  *Failure to Move for a Judgment of Acquittal After the Jury Delivered a Verdict*

The defendant claims that he received ineffective assistance because trial counsel did not file a motion pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure to dismiss the government's case based on insufficient evidence after the jury delivered its verdict.[64] Rule 29(c) permits a defendant to move for a judgment of acquittal within seven days after the jury returns a guilty verdict. When considering a Rule 29(c) motion, the district court must "assess whether a reasonable jury could have properly concluded, weighing the evidence in a light most deferential to the verdict rendered by the jury, that all of the elements of the crime charged had been proven beyond a reasonable doubt." *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005). The court does not "analyze the evidence with an eye toward negating every possible inference of innocence, rather, if the fact finder was presented with sufficient evidence to support the verdict reached, that verdict must be upheld." *Id.*

Based on the above standard, it is clear that a motion for acquittal pursuant to Rule 29(c) would have been unsuccessful. Trial counsel moved for a judgment of acquittal at the close of

---

[63] The defendant seems to suggest that the jury interrogatories were erroneous because they did not ask the jurors whether the defendant actually possessed illegal drugs. *See id.* at 16. As discussed above, any such objection would have been meritless because the offense with which the defendant was charged does not require actual possession. *See* 21 U.S.C. §§ 841, 846. The argument would have been fruitless on direct appeal as well.

[64] 2255 motion at 5(d). It is unclear from the defendant's § 2255 motion whether the defendant claims that trial counsel should have based the Rule 29 motion on insufficient evidence only or if he claims that trial counsel also should have based it on the alleged defects in the indictment. *See id.* To the extent that the defendant is reasserting that his counsel was ineffective for failing to claim that the indictment was defective, that issue has been addressed above.

the government's case, and reurged that motion at the close of the defendants' case.[65]  This Court denied the motion both times.[66]  In order to deny the motion, this Court had to have found that a rational juror could find the defendant guilty beyond a reasonable doubt.  *See United States v. Morgan*, 505 F.3d 332, 341 (5th Cir. 2007).  As this Court had already found that rational jurors could find the defendant guilty prior to jury deliberations, it would not have found insufficient evidence to support a guilty verdict.  In his § 2255 motion, the defendant does not explain why this Court would have been likely to find insufficient evidence to support the jury verdict if it had been presented with a Rule 29 motion.  Since the defendant has not shown that a Rule 29 would have had a reasonable probability of success, he has failed to demonstrate prejudice under the second *Strickland* prong.

x.      *Failure to Raise Sufficiency of the Evidence on Direct Appeal*

The defendant argues that he was denied effective assistance because appellate counsel failed to raise a sufficiency of the evidence argument on direct appeal.[67]  The record on appeal would have included the defendant's admission to the government as well as recorded phone calls where the defendant spoke to a co-conspirator about purchasing drugs.[68]  To meet the first prong of the *Strickland* standard when an issue is not pursued on appeal, appellate counsel must "make an informed decision that certain avenues will not prove fruitful."  *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (*quoting Williamson*, 183 F.3d at 462-63).

---

[65]  See R. Doc. No. 239 at 2.

[66]  *Id.*

[67]  2255 motion at 5(d).

[68]  R. Doc. No. 273, trial transcript at 189, 203-10.

23

When reviewing a properly preserved claim of insufficient evidence, an appellate court will determine whether a reasonable jury could find that the evidence establishes the guilt of the defendant beyond a reasonable doubt. *Morgan*, 505 F.3d at 341. Considering this standard, and in light of the defendant's admission and the recorded calls, appellate counsel's decision not to argue sufficiency of the evidence was not deficient. The defendant has failed to satisfy the first *Strickland* prong.

    *xi.*  *Failure to Appeal the Enhancement for Obstruction of Justice*

At sentencing, this Court enhanced the defendant's sentence for obstruction of justice, pursuant to § 3C1.1 of the United States Sentencing Guidelines.[69] The defendant argues that this enhancement was improper because the jury did not specifically find that he had committed perjury.[70] The defendant further argues that appellate counsel was ineffective for failing to raise this issue on direct appeal.[71]

In order for the obstruction of justice enhancement to apply, the jury does not need to find beyond a reasonable doubt that the defendant committed perjury. *United States v. Williams*, 2008 WL 413303, at *3 (5th Cir. 2008) (*citing United States v. Alonzo*, 435 F3d 551, 553 (5th Cir. 2006)). Instead, the enhancement may be imposed if the sentencing judge finds by a preponderance of the evidence that the defendant committed perjury. *Id*.

Here, the sentencing transcript reveals that this Court found by a preponderance of the

---

[69] R. Doc. No. 276, sentencing transcript at 6-10.

[70] 2255 motion at 5(a).

[71] *Id*.

evidence that the defendant committed perjury when he testified at his trial.[72]  It was, therefore, reasonable for appellate counsel to conclude that such a claim would not have succeeded on direct appeal.  Appellate counsel need not raise every non-frivolous issue on appeal and need only make an informed decision that a given grounds for appeal will not prove fruitful.  *See Phillips*, 210 F.3d at 348.  The defendant has failed to show that appellate counsel's failure to raise this issue was objectively unreasonable under the first *Strickland* prong.

  *xii.*  *Failure to Argue* Apprendi *Issues*

  The defendant argues that trial counsel was ineffective at his sentencing hearing for failing to argue that his two-point sentence enhancement for obstruction of justice was improper under *Apprendi v. New Jersey*,  530 U.S. 466 (2000).[73]  *Apprendi* provides that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.  *Id*. at 489.  The Fifth Circuit has held that *Apprendi* does not apply unless the defendant is sentenced to a term that exceeds the statutory maximum.  *United States v. Wilson*, 249 F.3d 366, 380 (5th Cir. 2001) ("It is clear in this circuit that where an enhancement does not increase the defendant's sentence above the statutory maximum, there is no *Apprendi* violation.").

  This Court sentenced the defendant to a term well below the statutory maximum.[74] Section 841 provides that those convicted under the statute shall receive not less than ten years imprisonment and not more than life imprisonment.  21 U.S.C. § 841(1)(A)(viii).  The defendant

---

[72]  R. Doc. No. 276, sentencing transcript at 6-9.

[73]  2255 motion at 43-46.

[74]  R. Doc. No. 276, sentencing transcript at 11.

was sentenced to 151 months on that count.[75]  Section 843 provides a for a maximum sentence of

4 years, or 48 months.  21 U.S.C. § 843 (d) (1).  This Court sentenced the defendant to 48

months on that count, which meets but does not exceed the statutory maximum.[76]

Since the defendant was not sentenced to a term that exceeds the statutory maximum,

*Apprendi* does not apply to his sentence.  As a result, any objection that trial counsel could have

made based on *Apprendi* would have lacked merit.  Counsel is not ineffective for failing to make

a meritless objection.  *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007).  As a result, the

defendant has not shown that trial counsel's performance was objectively unreasonable under the

first *Strickland* prong.

The defendant also alleges that appellate counsel was ineffective for failing to raise

*Apprendi* issues on direct appeal. [77]  For the reasons above, an *Apprendi* argument would have

been fruitless on direct appeal.  Appellate counsel need not raise arguments on appeal that will

not prove meritorious to satisfy the *Strickland* standard.  *See Phillips*, 210 F.3d at 348.  The

defendant has failed to show that appellate counsel rendered objectively unreasonable

performance under the first *Strickland* prong.

*xiii.*     *Failure to Move for Sentence Reduction*

The defendant argues that trial counsel was ineffective for failing to move to reduce the

defendant's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.[78]  Rule 35

---

[75]  *Id.*

[76]  *Id.*

[77]  2255 motion at 43.

[78]  *Id.* at 52.

provides that a court may reduce a sentence for an arithmetical or technical error and that the government may move to reduce a prisoner's sentence if that prisoner substantially assisted the government after sentencing in investigating or prosecuting another person. The defendant has not claimed that the Court made a technical error in sentencing. Nor has the government moved to reduce his sentence for substantial assistance. Any motion for a Rule 35 sentence reduction would have been meritless. Counsel is not ineffective for failing to make a meritless objection. *Wood*, 503 F.3d at 413. As a result, this claim fails the first *Strickland* prong.

## III. OTHER CLAIMS RAISED IN THE DEFENDANT'S § 2255 MOTION

In addition to his ineffective assistance claims, the defendant alleges that he was denied his Fifth Amendment rights to due process and to be indicted by a grand jury, his Sixth Amendment right to a fair trial, and various Fourth Amendment rights.[79] The defendant argues that he was deprived of these rights for substantially the same reasons that he was deprived of his Sixth Amendment right to counsel. [80]

These claims are not appropriate for consideration on collateral review. As discussed previously, a prisoner procedurally defaults even a constitutional claim when he: fails to demonstrate "cause and prejudice" for failing to raise the issue on direct appeal or fails to demonstrate that he is "actually innocent." *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986). While ineffective assistance of counsel claims satisfy the cause-and-prejudice standard, other constitutional claims do not satisfy this standard unless the defendant sets forth facts

---

[79] *Id.* at 5(a)-5(c).

[80] *See id.*

demonstrating cause and prejudice. *See Murray*, 477 U.S. at 485, 496; *Massaro v. United States*, 538 U.S. 500, 504 (2000). To demonstrate cause requires that the defendant demonstrate "some objective factor external to the defendant" prevented him from raising on direct appeal the claim he now advances. *Romero v. Collins*, 961 F. 2d 1181, 1183 (5th Cir. 1992) (*quoting Murray*, 477 U.S. at 488).

The defendant did not raise any of his Fourth, Fifth, or Sixth Amendment claims on direct appeal.[81] Moreover, the defendant has not set forth any objective factors external to himself that prevented him from raising his Constitutional claims on direct appeal, nor has he set forth any facts that demonstrate actual innocence. *See Romero*, 961 F.2d at 1183 (5th Cir. 1992). As a result, the defendant has procedurally defaulted these claims and this Court may not consider these claims on collateral review.

Accordingly,

**IT IS ORDERED** that the defendant's motion to vacate, set aside, or correct sentence is **DENIED**.

New Orleans, Louisiana, March 9, 2009.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[81] *See* Rec. Doc. No. 312.